UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

RICARDO BANUELOS,

          Defendant.

2:07-CR-137 JCM (RJJ)

**ORDER**

    Presently before the court is defendant Ricardo Banuelos' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. #89) and motion requesting permission to file supplemental memorandum of fact and law in support of timely filed § 2255 motion (doc. #90). Defendant filed his supplemental memorandum with the court. (Doc. #91).

    On December 21, 2010, defendant was convicted of two counts of distribution of a controlled substance and sentenced to 70 months in custody to be followed by 5 years of supervised release. (Docs. #82 and #84). Subsequently, on December 22, 2010, defendant timely filed his motion to vacate. In the instant motion (doc. #89), defendant contends that his counsel was ineffective at sentencing, and that counsel's "inaction drastically increased his total period of confinement."

**Motion To File Supplement**

    Along with his § 2255 motion (doc. #89), defendant filed a motion requesting permission to file a supplement (doc. #90). A supplement/amended petition filed after the timely filed § 2255

**James C. Mahan**
**U.S. District Judge**

1   motion is not precluded by the one-year statute of limitation period if the arguments therein "arises
2   from the same core of operative facts as a claim contained in the original petition." *Mayle v. Felix*,
3   545 U.S. 644 (2005); *Herber v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008). The amended or
4   supplemental petition only 'relates back' in these circumstances, and it is "not enough that the new
5   argument pertains to the same trial, conviction, or sentence." *Id.*

6       Here, defendant Banuelos added no new claims in his proposed supplement (doc. #91).
7   Rather, he merely explains his ineffective assistance of counsel claim in more detail and provides
8   the court with an affidavit supporting his assertions. Therefore, the court is inclined to allow
9   defendant to file the supplemental memorandum and to consider it along with the § 2255 motion.

10  **Motion Under § 2255**

11      Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may
12  file a motion under this section if he seeks a determination that (1) the judgment violates the
13  Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3)
14  the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise
15  subject to collateral review.  Further, section (4)(b) states that "if the motion is not dismissed, the
16  judge must order the United States attorney to file an answer, motion, or other response within a
17  fixed time." 28 U.S.C. § 2255(4)(b).

18      Here, defendant asserts that his counsel at sentencing "failed to ensure that the 13 months
19  expended in federal custody between the date of [his] state and federal sentences would be properly
20  considered for [his] federal sentence." (Doc. #89). Prior to being charged in the present case,
21  defendant asserts that he was arrested for violating probation in state court. Subsequently, this court
22  issued a writ of habeas corpus ad prosequendum, which released him to federal custody to answer
23  to the present drug charges. Defendant then returned to state court and entered a guilty plea. He was
24  sentenced to 681 days credit for time served.

25      Defendant contends that he returned to federal custody and was sentenced 13 months later.
26  Defendant was represented by Michael Sanft during the time the state and federal charges were
27  pending. Defendant asserts that Mr. Sanft was later substituted by Richard Frankoff, who negotiated
28

James C. Mahan
U.S. District Judge

- 2 -

1  the plea agreement in this case with the government. (Doc. #91). However, at time of sentencing,
2  Mr. Frankoff did not appear, but was replaced by Monique N. Kirtley.

3  Defendant contends that at sentencing, Mrs. Kirtley failed to "move[] this [c]ourt to run the
4  federal sentence concurrently with the already imposed state sentence..." Further, he argues that since
5  she was not aware of the facts of the case, she did not ask the court to apply U.S.S.G. section
6  5G1.3©. Apparently, former counsel Mr. Frankoff expressed his intent to ask the court for this
7  application. Defendant asserts that 'but for' Mrs. Kirtley's failures, he would have a lesser sentence.

8  Here, defendant is asserting one of the most common cognizable claims under section 2255,
9  ineffective assistance of counsel. *See Baumann v. United States,* 692 F.2d 565, 581 (9th Cir. 1982).
10  Claims such as these "may be brought in a collateral proceeding under § 2255, whether or not the
11  petitioner could have raised them on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504,
12  123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Therefore, pursuant to 28 U.S.C. § 2255(4)(b), the
13  government is ordered to file an answer, motion, or other response within thirty (30) days from the
14  date of this order.

15  Additionally, defendant asks this court to hold an evidentiary hearing because the "record is
16  incomplete." Defendant argues that the hearing will prove that Mrs. Kirtley "did not attempt to even
17  contact the former counsel...who negotiated the plea bargain, in order to give [him] an effective
18  assistance at sentencing." The defendant contends that a hearing will demonstrate that he is entitled
19  to relief under § 2255. As the court has ordered the government to file a response, the court will
20  address the need for a hearing after such a response has been filed, reviewed by the court, and replied
21  to.

22  Accordingly,

23  IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Ricardo
24  Banuelos' motion requesting permission to file supplemental memorandum of fact and law in
25  support of timely filed § 2255 motion (doc. #90) be, and the same hereby is, GRANTED.

26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED that the government file an answer, motion, or other response
2 to defendant Ricardo Banuelos' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.
3 § 2255 (doc. #89) within thirty (30) days from the date of this order.
4    DATED July 29, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -